# Supreme Court of Texas

No. 21-1014

David A. Skeels,

*Petitioner*,

v.

Jonathan T. Suder; Michael T. Cooke; and Friedman, Suder & Cooke, P.C.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Second District of Texas

CHIEF JUSTICE HECHT, dissenting.

Attorney David Skeels and the other six shareholders in his law firm, a professional corporation, signed a Resolution providing that the three founders "have been entitled, and shall continue to be entitled, to take affirmative action on behalf of the Firm". When the firm discharged Skeels some two years later, it insisted that he surrender his shares without payment, like each of the other four shareholders who had left the firm over its 23-year history had. Skeels demanded money and has refused to surrender his shares.

The Court acknowledges that "'affirmative action' could broadly encompass share-redemption actions"[1] but states that the Resolution did not "authorize the Founders to unilaterally determine the redemption terms."[2] Except that it did, the Court concedes, by authorizing the founders to unilaterally amend the firm's governing documents to "specify[] the price and other . . . redemption terms."[3] Thus, the Court holds that under the Resolution, the founders cannot unilaterally set the terms for redeeming Skeels' shares but can unilaterally amend the firm's governing documents to set the terms of redemption. To hold that Skeels agreed to the one but not the other makes no sense. Skeels unquestionably *could have* agreed, in just so many words, that the firm could redeem his shares on his departure without payment. The only question is whether he *did*. In the end, the answer is yes.

The Court recognizes that for Skeels to maintain an ownership interest in the firm while being a member of a competing firm, as he has now done for more than seven years during this litigation, raises ethical issues.[4] A sensible reading of the Resolution would avoid them. I join the Court in encouraging that these issues be addressed.

Skeels left his firm at the end of 2015 and sued a few months later. After two years of litigation, the trial court granted judgment

---

[1] *Ante* at 16.

[2] *Id.*

[3] *See id.* at 17.

[4] *Id.* at 18 n.46.

against him including sanctions.[5] Almost four years after that, a divided court of appeals affirmed.[6] Now, more than seven years after a dispute arose between a law firm and a departing shareholder, the Court decides that he did not, but actually did, agree to a no-cash redemption of his shares.

I respectfully dissent.

Nathan L. Hecht
Chief Justice

**OPINION FILED:** June 23, 2023

---

[5] The trial court found that Skeels "attempted to wrongfully utilize the court system to gain an advantage by trying to inflict embarrassment, harm, and harassment on [the firm and its founding shareholders]."

[6] 665 S.W.3d 637 (Tex. App.—Fort Worth 2021). All three justices agreed that the sanctions award should be reversed. *See id.* at 664; *id.* at 674 (Birdwell, J., dissenting). Justice Birdwell explained:

> Although I agree with the decision to overturn the trial court's sanctions award, I do not think this holding should be taken to mean that I (or this court, for that matter) condone this litigation in general. Regardless of the correctness of the parties' legal positions, or the fact that good-faith arguments could be made in support of the pleadings, it does appear to have been undertaken with a purpose beyond the recovery of simple damages, which appear from the beginning to have had little likelihood of recovery in an amount that would justify this suit's protracted nature.

*Id.* at 674-675 (Birdwell, J., dissenting).